**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN T. GRASS, JR.,
<u>Plaintiff-Appellant,</u>

v.

No. 96-2228

E. I.DUPONT DE NEMOURS AND
COMPANY, INCORPORATED, a Delaware
Corporation,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CA-94-472-2)

Argued: May 5, 1997

Decided: June 4, 1997

Before HALL, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Stephen Skeen, South Charleston, West Virginia,
for Appellant. Paula Durst Gillis, SPILMAN, THOMAS & BATTLE,
Charleston, West Virginia, for Appellee. **ON BRIEF:** David B.
Thomas, SPILMAN, THOMAS & BATTLE, Charleston, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In this personal injury action removed to the district court from the Circuit Court of Kanawha County, West Virginia, John T. Grass, Jr., appeals the summary judgment granted to E.I. duPont de Nemours & Co., Inc. We affirm.

I.

Grass worked at duPont's chemical plant in Belle, West Virginia, for approximately ten years, until November 18, 1983. Grass's health has deteriorated since his termination, and he is currently afflicted with a host of cardiovascular and respiratory ailments; Grass's difficulties are compounded as the result of a debilitating stroke he suffered in early 1995.

Grass believes that duPont, by insisting that he work in extreme heat and in proximity to certain hazardous materials, is responsible for his infirmities. He seeks recovery under W. Va. Code § 23-4-2(c)(2), which excepts from workers' compensation immunity those employers that act with "deliberate intention" to harm an employee.

II.

As an initial matter, Grass maintains that an action brought pursuant to § 23-4-2(c)(2) arises "under the workmen's compensation laws" of West Virginia and is, therefore, not susceptible to removal to the district court. See 28 U.S.C. § 1445(c). He asks that we reconsider our decision to the contrary in Arthur v. E.I. duPont de Nemours & Co., 58 F.3d 121, 128 (4th Cir. 1995). We must decline Grass's request, for we are bound to faithfully apply circuit precedent until it is either overruled en banc or superseded by a decision of the Supreme Court.

2

Chisolm v. TranSouth Fin. Corp., 95 F.3d 331, 337 n.7 (4th Cir. 1996).

III.

Grass next asserts that the district court abused its discretion by not enforcing against duPont Fed. R. Civ. P. 26(a)(1), which dictates that all parties to a civil action disclose, more or less concurrently, certain information at the initial stages of discovery. The plain language of the rule, however, permits its default requirements to be amended by stipulation of the parties, and that is precisely what occurred here. On September 25, 1995, the parties filed with the district court a report of their discovery planning meeting, held pursuant to Fed. R. Civ. P. 26(f), wherein it was agreed that

> [t]he plaintiff will make initial disclosures as required by Rule 26(a)(1) . . . on or before October 9, 1995. Such disclosures . . . will include . . . (1) a list of the specific chemical(s) to which the plaintiff was exposed, (2) the location of each such chemical exposure, (3) the time and duration of each such chemical exposure, (4) the resulting disease process, and (5) proof of causation of each disease process. . . . The Defendant will make initial disclosures thirty days after plaintiff has provided initial disclosures.

(emphasis supplied). Grass did provide some information to duPont, but, as the district court found, these disclosures fell short of what the agreement required. Consequently, duPont was not compelled to make any disclosures at all.

Moreover, Grass, through counsel, represented to the district court that further discovery would bear neither on duPont's motion for summary judgment nor on his own cross-motion. In so doing, Grass essentially gambled that the materials already before the court were sufficient to permit his claims to proceed to trial. Having lost that gamble, Grass cannot now be heard to complain that he should have been prevented from placing the bet.

3

IV.

Moving finally to the merits of Grass's claims, we affirm the district court's grant of summary judgment to duPont for the reasons stated by that court in its memorandum opinion. Grass v. E.I. duPont de Nemours & Co., No. 2:94-0472 (S.D. W. Va., August 7, 1996).*

AFFIRMED

_____

*Less than four weeks prior to the entry of judgment below, the Supreme Court of Appeals of West Virginia rendered its decision in

Persinger v. Peabody Coal Co., 474 S.E.2d 887 (W. Va. 1996). The court in that case, answering questions certified by the United States District Court for the Southern District of West Virginia, held that the

immunity afforded employers under the state's Workers' Compensation Act does not extend to claims that the employer has fraudulently misrep-

resented facts to the Workers' Compensation Fund, intending to deprive the employee of benefits rightfully due. Id. at 897. The district court did not consider, in light of Persinger, the viability of Grass's claim that

duPont knew about, but fraudulently concealed, a myocardial infarction that he had allegedly suffered during his employment.

We need not engage in an extensive analysis of Persinger, for it is clear that the probative value of Grass's evidence is so lacking that he cannot prevail even if his claim is legally cognizable. The sole evidence

of fraudulent concealment on the part of duPont consists of a notation in the company's records concerning its medical staff's examination of Grass in 1976. The notation states "Probable increase in cardiac shadow. Advised to see family physician." (emphasis supplied). On its face, then,

Grass's "evidence" contradicts his theory of liability.

4